UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RAYMOND LANE, # 143051,**

       **Petitioner,**

                                         Case No. 95-72446

**v.**

                                         HONORABLE DENISE PAGE HOOD

**BLAINE LAFLER, Warden,**

       **Respondent.**

_____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's Motion to Recall Its [sic] Mandate, and Petitioner's Motion to Expedite the Proceedings, filed September 16, 2004, and December 6, 2004, respectively. Petitioner originally filed a Petition for Writ of Habeas Corpus on August 8, 1995. On June 29, 1996, the Court entered a Memorandum Opinion and Order denying the Petition. Petitioner filed "Objections" to the Court's Order, which the Court construed as a motion for reconsideration. The Court denied Petitioner's motion on August 20, 1996. Petitioner then filed a Motion for Relief from Judgment on March 26, 2003. On December 12, 2003, before the Court issued a ruling on Petitioner's Motion for Relief from Judgment, Petitioner filed a notification of withdrawal of the Motion.

Petitioner appealed the denial of his Petition for Writ of Habeas Corpus to the United States Court of Appeals for the Sixth Circuit on July 11, 1996. The docket sheet from Petitioner's appeal, Case Number 96-1897, indicates Petitioner's appeal was dismissed on September 12, 1996, for want of prosecution. Neither this Court nor the appellate court have filed any document entitled "Mandate" in relation to Petitioner's case.

Petitioner brings his Motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b) allows parties to be relieved from final judgments or orders upon demonstrating any one of six enumerated conditions. Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Specifically, Petitioner moves under Fed. R. Civ. P. 60(b)(6).

There are time limitations governing the filing of a Rule 60(b) motion. With respect to motions under subsections (1), (2), and (3), the applicable time limit is one year after the judgment was entered. Fed. R. Civ. P. 60(b). The District Court simply does not have the power to consider a Rule 60(b)(1), (2), or (3) motion beyond this one year time limitation. *McDowell v. Dynamics Corp. of America*, 931 F. 2d 380, 384 (6th Cir. 1991). The interests in finality of judgments and judicial economy outweigh the value of giving a party a second bite at the apple by allowing a Rule 60(b) motion after an appeal period has run.

Motions under Rule 60(b)(4), (5), and (6) may be made "within a reasonable time." Fed. R. Civ. P. 60(b). "Reasonable time" depends on the facts of a given case, including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief. *Olle v. Henry & Wright Corp.*, 910 F. 2d 357, 365 (6th

Cir. 1990). Under the catch-all provision of Rule 60(b)(6), the Sixth Circuit has held that such a motion must be based upon some reason other than those stated in subsections (1) through (5) of the rule. *Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1333 (6th Cir. 1985). An appellant cannot circumvent the one year limitation by invoking the residual clause under subsection (6) of Rule 60(b). *Id.* Extraordinary circumstances are needed to grant relief under Rule 60(b)(6). *Id.*

Petitioner's argument is that the Court can correct the alleged mistake in its former decision by granting his Motion under the "extraordinary circumstance" requirement of the catch-all provision found in Rule 60(b)(6). A court may relieve a party from final judgment under Rule 60(b)(6) only if "exceptional or extraordinary circumstances" exist which are not addressed in subsections (1) to (5). *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Exceptional circumstances under Rule 60(b)(6) require "unusual and extreme situations where principles of equity *mandate* relief." *Id.* at 387 (emphasis in original).

Petitioner claims that this Court "did not know [of] the existence of fraud upon the court with forged manufactured documents." (Pet.'s Mot. to Recall Its Mandate at 1.) As stated above, this Court has not issued a Mandate in this case. To the extent Petitioner is seeking relief from the Court's Memorandum Opinion and Order dated June 29, 1996, he has not shown that an unusual and extreme situation exists which entitles him to relief from judgment.

For the reasons set forth above,

IT IS ORDERED that Petitioner's Motion to Recall Its Mandate **[Docket No. 47, filed September 16, 2004]** is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion to Expedite the Proceedings **[Docket**

**No. 48, filed December 6, 2004]** is DENIED as moot.

                 /s/ Denise Page Hood
                DENISE PAGE HOOD
                United States District Judge

DATED: July 12, 2005