UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND LANE,

       Petitioner,

v.

                                        CASE NO. 95-CV-72446-DT
BLAINE LAFLER,                   HONORABLE DENISE PAGE HOOD

       Respondent.
_____/

### ORDER TRANSFERRING PETITIONER'S MOTION FOR RECONSIDERATION TO THE COURT OF APPEALS PURSUANT TO U.S.C. § 2244(b)(3)(A)

This habeas corpus case is pending before the Court on Petitioner's "Motion to Reconsider Pursuant to Fed. Rule Civ. P. 60(b)(6)" and Petitioner's "Motion to Expedite the Proceedings." The Court has concluded that the motion for reconsideration is an unauthorized second or successive habeas petition. Accordingly, the motion will be transferred to the Court of Appeals for a determination of whether the Court is authorized to consider the motion.

**Background**

Petitioner initiated this action in 1995 by filing a petition for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition attacked Petitioner's state convictions for armed robbery, assault with intent to rob while armed, and possession of a firearm during the commission of a felony. The Court denied the habeas petition on the merits. Petitioner appealed the Court's decision, but the United States Court of Appeals for the Sixth Circuit dismissed his case for want of prosecution.

Petitioner subsequently filed a motion for relief from judgment, a motion to recall the mandate, and a motion to expedite the proceedings. He later withdrew his motion for relief from judgment, and the Court denied his other motions.

Petitioner filed his pending motion for reconsideration on October 3, 2005, and on December 1, 2005, he moved to expedite the proceedings. He alleges in his motion for reconsideration that he is innocent and that the prosecutor and the police conspired together to fabricate the accusations against him. He contends that false documents were used to commit a fraud upon the state court.

## Discussion

Petitioner filed his motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6). Rule 60(b)(6) provides that, "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . reason justifying relief from the operation of the judgment." The Supreme Court has held that a Rule 60(b)(6) motion filed in a § 2254 case must be treated as a successive habeas petition requiring pre-certification under 28 U.S.C. § 2244(b)(3) if the motion asserts or reasserts claims of error in the movant's state conviction. *See Gonzalez v. Crosby*, __ U.S. __, __, 125 S. Ct. 2641, 2651 (2005).[1]

Petitioner's motion for reconsideration under Rule 60(b)(6) presents claims that were not previously raised in his habeas petition. The claims challenge Petitioner's conviction, not the

---

[1] Section 2244(b)(3) of Title 28, United States Codes, states that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

integrity of the federal habeas corpus proceeding. In other words, Petitioner is not attacking the Court's failure to reach the merits of his claims when it denied his motion to recall the mandate. He seeks to be vindicated on the ground that he was incarcerated when the crimes occurred and is actually innocent of the offenses for which he was convicted. His Rule 60(b) motion is in actuality a successive habeas petition and must be treated as such.

An individual seeking to file a second or successive habeas corpus petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). The Sixth Circuit has said that, "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).[2]

Petitioner apparently has not received permission from the Court of Appeals to file another habeas petition challenging the same conviction. Accordingly, the Clerk of Court is **ORDERED** to **TRANSFER** Petitioner's motion for reconsideration [Doc. #50, Oct. 3, 2005] to

---

[2] Section 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

3

the Court of Appeals pursuant to *Sims* and 28 U.S.C. § 1631.  Petitioner's motion to expedite the proceedings [Doc. #51, Dec. 1, 2005] is DENIED as moot.

                                              s/ DENISE PAGE HOOD
                                                DENISE PAGE HOOD
                                                UNITED STATES DISTRICT JUDGE

Dated: August 11, 2006